FIRM I.D. 45450

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

COMPLTSLIP.DOC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PERSONAL INJURY – Bodily Injury

Terry E. Hightower,

    Plaintiff(s),

vs.

Thor Equities, LLC, a Delaware Limited Liability Company; Hilton Worldwide, Inc., a Delaware Corporation; Schindler Elevator Corp., a Delaware Corporation.

    Defendant(s).

Case No._____

Amount Claimed: $100,000.00

Return Date:

## COMPLAINT

    NOW COMES THE PLAINTIFF, TERRY E. HIGHTOWER, by and through her attorneys, LOHMAN LAW OFFICES, LTD., and complaining of the defendants, Thor Equities, LLC, a Delaware Limited Liability Company ("Thor"), Hilton Worldwide, Inc., a Delaware Corporation ("Hilton"), and Schindler Elevator Corporation, a Delaware Corporation ("Schindler"), states as follows:

### PARTIES

1. That the Plaintiff is a resident of Louisville, Kentucky.

2. That upon information and belief, defendant Thor Equities, LLC [hereinafter "Thor"], is a Delaware Limited Liability Company, with its corporate headquarters and offices in New York, New York. Thor owns several properties in Chicago, including the Palmer House Hilton [hereinafter "Palmer House" or "the Hotel"] and so owned the Palmer House at the time of the subject matter incident.

3. That upon information and belief, defendant Hilton Worldwide, Inc. [hereinafter "Hilton"], is a Delaware Corporation, with its corporate headquarters and offices in McLean, Virginia. Hilton is the former owner of the Palmer House, and upon information and belief was the owner of the property at the time that the elevators were installed and serviced. Hilton was the property manager of the Palmer House at the time of the subject matter incident.

4. That upon information and belief, defendant Schindler Elevator Corporation [hereinafter "Schindler"], is a Delaware Corporation, with its corporate headquarters and offices in Morristown, New Jersey, and doing business in Chicago, Illinois. Upon information and belief, Schindler installed the escalators located at the Palmer House Hilton in Chicago, Illinois that were present at the time of the subject matter incident. Upon


EXHIBIT A

information and belief, Schindler is under contract with Thor to provide service, maintenance and repair to the escalators at the Palmer House in Chicago, Illinois and was so at the time of the subject matter incident.

## COUNT I - Thor

5. That Plaintiff hereby adopts and realleges Paragraphs 1 through 4 above as Paragraphs 1 through 4 of Count I, as if fully set forth herein.

6. That on and before February 9, 2010, defendant Thor owned, managed, operated, maintained, and/or controlled, both directly and indirectly, individually and through its agents, servants, and employees, a certain hotel called the Palmer House Hilton, located at 17 E. Monroe Street, Chicago, Illinois 60603, County of Cook.

7. That on or before that date, defendant Thor invited the general public, including Plaintiff, to enter the subject matter premises for the purposes of overnight accomodations, shopping, purchasing goods and services from other businesses that leased store units from Thor, visiting restaurants and eating meals on the premises, and for the purpose of conducting business.

8. That it there and then became and was the duty of the defendant Thor, individually and by and through its agents, servants, and employees, to exercise reasonable care in maintaining the premises in a reasonably safe condition for the plaintiff and other persons lawfully in, about, and around the Hotel and, further, not to create or allow any dangerous conditions to exist on or about the premises, including making sure that all escalators on the premises were not defective.

9. That it there and then became and was the duty of the defendant Thor, individually and by and through its agents, servants, and employees, to exercise reasonable care in inspecting the premises, including all escalators on the premises, in a reasonably timely manner, so as to prevent any dangerous conditions from existing on or about the premises.

10. That at the above date and place, Plaintiff, TERRY E. HIGHTOWER, was lawfully on the subject premises, attempting to ride an escalator on the premises, pursuant to invitation. She was there to stay as an overnight guest of the Hotel, pursuant to invitation.

11. That at all times material herein, the Plaintiff was in the exercise of ordinary care and caution for her own safety.

12. That at all times relevant herein, Plaintiff and others had to walk upon, ride or otherwise traverse the escalator in question in order to travel from one level to another in the Hotel.

13. That at the time of the fall, the escalator in question was powered on and the steps or treads were moving.

14. That at the time the Plaintiff stepped upon the escalator, the escalator seemed to be or was apparently operating or functioning properly.

15. That at the time of the fall, the Plaintiff was riding upon said escalator.

16. That immediately before the fall, the escalator suddenly lurched and hesitated, then suddenly changed directions, continuing to lurch.

17. That the Plaintiff or some other person exercising ordinary care would not notice the defective condition of the escalator before stepping onto the escalator and before the defect caused the misoperation of the escalator, without the aide of a warning or notice.

18. That the Plaintiff did not notice that the escalator was defective before stepping onto the escalator.

19. That the Plaintiff did not notice that the escalator was defective before falling.

20. That no warning sign, other barracade or warning of any kind was present at or near the escalator at the time that the Plaintiff stepped onto the escalator and fell.

21. That upon information and belief, the defect present in the escalator had been present for an unreasonable length of time.

22. That upon information and belief, the escalator was not properly inspected or maintained.

23. That said defect or defects would have been discoverable by defendant upon a reasonable inspection.

24. That defendant Thor had constructive notice of the defect.

25. That after her fall, Plaintiff was helped up from the floor by other patrons or guest of the Hotel and hotel security.

26. That the defendant Thor had actual notice of Plaintiff's fall and her immediate injuries, as well as the location of the defect and the defective escalator, shortly after the aforementioned incident took place. Plaintiff immediately alerted employees or agents of the Hotel about her fall and about the defective escalator. Plaintiff provided them with all of the requested information. Further, representatives of defendant have been in contact with Plaintiff and her attorneys concerning the incident and injuries since shortly after the they occurred.

27. That, disregarding its stated duty and in breach of said duty, defendant Thor, individually or by its agents, employees, and servants, committed the following acts or omissions:

   a. Carelessly and negligently failed to provide a good, safe, and proper place for the Plaintiff and others to be, use, occupy, and walk on while on the general or common areas of the Hotel premises;
   b. Carelessly and negligently failed to provide a good, safe, and properly inspected and maintained escalator for the Plaintiff and others to use, ride and walk upon;
   c. Carelessly and negligently failed to conduct a reasonable inspection of the escalator to be certain that it was in good, safe, and proper condition;
   d. Carelessly and negligently permitted a defective escalator to remain in operation for an unreasonably long period of time;
   e. Carelessly and negligently failed to warn Plaintiff and others that the escalator was defective or otherwise not working properly or that it posed a safety hazard;
   f. Carelessly and negligently failed to warn the Plaintiff and others that the escalator had not been inspected properly or recently;
   g. Carelessly and negligently failed to warn the Plaintiff and others that the escalator otherwise contained an unsafe, dangerous, and/or defective condition;

    h. Carelessly and negligently invited the general public, including Plaintiff, to use said escalator, when defendant knew or should have known that it was unsafe and dangerous to do so;

    i. Carelessly and negligently failed to discover in a reasonably timely fashion that said escalator was defective;

    j. Carelessly and negligently failed to fix the escalator in a timely and reasonable manner even after Plaintiff notified defendant's agents, employees, and servants of the incident and her injuries.

    k. Carelessly and negligently failed to hire an adequate property management company;

    l. Carelessly and negligently failed to hire an adequate escalator maintenance and repair company or provider.

28. That by reason of and as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions of the defendant Thor, individually or by its agents, employees, and servants, the Plaintiff, TERRY E. HIGHTOWER, fell or was otherwise caused to fall, and suffered bodily injuries and monetary damages and losses.

29. That by reason of and as a direct and proximate result of the fall, Plaintiff suffered severe and permanent injuries, both externally and internally, and was greatly injured in that she sustained nerve and musculoskeletal damages to her neck, back, both knees, and ankles, among other areas. Because of the injuries, she was and will be hindered and prevented from attending to her usual duties and affairs. She was and will presently and in the future have permanent and noticeable scarring above her eye and running through her eyebrow. She has and will in the future lose large sums of money that would otherwise have accrued to her. She has and will spend and become liable for large sums of money for hospital, medical, and surgical services, nursing care, and attention, as well as prescription costs and other out-of-pocket damages, during her recovery. She missed work and lost wages as a result as well.

WHEREFORE, the PLAINTIFF, TERRY E. HIGHTOWER, prays this Honorable Court to award judgment for the Plaintiff and against Defendant Thor in the amount of $100,000.00 plus costs of suit.

### COUNT II - Hilton

30. That Plaintiff hereby adopts and realleges Paragraphs 1 through 29 above as Paragraphs 1 through 29 of Count II, as if fully set forth herein.

31. That on and before February 9, 2010, defendant Hilton owned, managed/property managed, operated, maintained, and/or controlled, both directly and indirectly, individually and through its agents, servants, and employees, or as an agent, servant, and manager/property manager or employee of another owner or manager, a certain hotel called the Palmer House Hilton, located at 17 E. Monroe Street, Chicago, Illinois 60603, County of Cook.

32. That upon information and belief, at all times relevant herein, Hilton operated as Hotel property management.

33. That on or before that date, defendant Hilton invited the general public, including Plaintiff, to enter the subject matter premises for the purposes of overnight accomodations, shopping, purchasing goods and

services from other businesses that leased store units from co-defendant Thor, visiting restaurants and eating meals on the premises, and for the purpose of conducting business.

34. That it there and then became and was the duty of the defendant Hilton, individually and by and through its agents, servants, and employees, to exercise reasonable care in maintaining the premises in a reasonably safe condition for the plaintiff and other persons lawfully in, about, and around the Hotel and, further, not to create or allow any dangerous conditions to exist on or about the premises, including making sure that all escalators on the premises were not defective.

35. That it there and then became and was the duty of the defendant Hilton, individually and by and through its agents, servants, and employees, under its management contract with the Hotel's owner, Thor, to fulfill its contractual obligations which included but were not limited to exercising reasonable care in maintaining and inspecting the premises, including all escalators on the premises, in a reasonably timely manner, so as to prevent any dangerous conditions from existing on or about the premises.

36. That it there and then became and was the duty of the defendant Hilton, individually and by and through its agents, servants, and employees, under its management contract with the Hotel's owner, Thor, to fulfill its contractual obligations which included but were not limited to exercising reasonable care in contracting with an adequate escalator maintenance and repair company or provider.

37. That at the above date and place, Plaintiff, TERRY E. HIGHTOWER, was lawfully on the subject premises, attempting to ride an escalator on the premises, pursuant to invitation. She was there to stay as an overnight guest of the Hotel, pursuant to invitation.

38. That at all times material herein, the Plaintiff was in the exercise of ordinary care and caution for her own safety.

39. That at all times relevant herein, Plaintiff and others had to walk upon, ride or otherwise traverse the escalator in question in order to travel from one level to another in the Hotel.

40. That at the time of the fall, the escalator in question was powered on and the steps or treads were moving.

41. That at the time the Plaintiff stepped upon the escalator, the escalator seemed to be or was apparently operating or functioning properly.

42. That at the time of the fall, the Plaintiff was riding upon said escalator.

43. That immediately before the fall, the escalator suddenly lurched and hesitated, then suddenly changed directions, continuing to lurch.

44. That the Plaintiff or some other person exercising ordinary care would not notice the defective condition of the escalator before stepping onto the escalator and before the defect caused the misoperation of the escalator, without the aide of a warning or notice.

45. That the Plaintiff did not notice that the escalator was defective before stepping onto the escalator.

46. That the Plaintiff did not notice that the escalator was defective before falling.

47. That no warning sign, other barracade or warning of any kind was present at or near the escalator at the time that the Plaintiff stepped onto the escalator and fell.

48. That upon information and belief, the defect present in the escalator had been present for an unreasonable length of time.

49. That upon information and belief, the escalator was not properly inspected or maintained.

50. That said defect or defects would have been discoverable by defendant upon a reasonable inspection.

51. That the defendant Hilton had constructive notice of the defect.

52. That after her fall, Plaintiff was helped up from the floor by other patrons, guests of the Hotel and hotel security.

53. That the defendant Hilton had actual notice of Plaintiff's fall and her immediate injuries, as well as the location of the defect and the defective escalator, shortly after the aforementioned incident took place. Plaintiff immediately alerted employees or agents of the Hotel about her fall and about the defective escalator. Plaintiff provided them with all of the requested information.

54. That, disregarding its stated duty and in breach of said duty, defendant Hilton, individually or by its agents, employees, and servants, committed the following acts or omissions:

    a. Carelessly and negligently failed to provide a good, safe, and proper place for the Plaintiff and others to be, use, occupy, and walk on while on the general or common areas of the Hotel premises;

    b. Carelessly and negligently failed to provide a good, safe, and properly inspected and maintained escalator for the Plaintiff and others to use, ride and walk upon;

    c. Carelessly and negligently failed to conduct a reasonable inspection of the escalator to be certain that it was in good, safe, and proper condition;

    d. Carelessly and negligently permitted a defective escalator to remain in operation for an unreasonably long period of time;

    e. Carelessly and negligently failed to warn Plaintiff and others that the escalator was defective or otherwise not working properly or that it posed a safety hazard;

    f. Carelessly and negligently failed to warn the Plaintiff and others that the escalator had not been inspected properly or recently;

    g. Carelessly and negligently failed to warn the Plaintiff and others that the escalator otherwise contained an unsafe, dangerous, and/or defective condition;

    h. Carelessly and negligently invited the general public, including Plaintiff, to use said escalator, when defendant knew or should have known that it was unsafe and dangerous to do so;

    i. Carelessly and negligently failed to discover in a reasonably timely fashion that said escalator was defective;

    j. Carelessly and negligently failed to fix the escalator in a timely and reasonable manner even after Plaintiff notified defendant's agents, employees, and servants of the incident and her injuries.

      k.    Carelessly and negligently failed to hire an adequate escalator maintenance and repair company or provider.

55. That by reason of and as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions of the defendant Hilton, individually or by its agents, employees, and servants, the Plaintiff, TERRY E. HIGHTOWER, fell or was otherwise caused to fall, and suffered bodily injuries and monetary damages and losses.

56. That by reason of and as a direct and proximate result of the fall, Plaintiff suffered severe and permanent injuries, both externally and internally, and was greatly injured in that she sustained nerve and musculoskeletal damages to her neck, back, both knees, and ankles, among other areas. Because of the injuries, she was and will be hindered and prevented from attending to her usual duties and affairs. She was and will presently and in the future have permanent and noticeable scarring above her eye and running through her eyebrow. She has and will in the future lose large sums of money that would otherwise have accrued to her. She has and will spend and become liable for large sums of money for hospital, medical, and surgical services, nursing care, and attention, as well as prescription costs and other out-of-pocket damages, during her recovery. She missed work and lost wages as a result as well.

WHEREFORE, the PLAINTIFF, TERRY E. HIGHTOWER, prays this Honorable Court to award judgment for the Plaintiff and against Defendant Hilton in the amount of $100,000.00 plus costs of suit.

### COUNT III - Schindler

57. That Plaintiff hereby adopts and realleges Paragraphs 1 through 56 above as Paragraphs 1 through 56 of Count III, as if fully set forth herein.

58. That on and before February 9, 2010, defendant Schindler managed, operated, maintained, and/or controlled, both directly and indirectly, individually and through its agents, servants, and employees, or as an agent, servant, manager or employee of another owner or manager, a certain hotel called the Palmer House Hilton, located at 17 E. Monroe Street, Chicago, Illinois 60603, County of Cook.

59. That upon information and belief, at all times relevant herein, Schindler operated and still operates as escalator and elevator maintenance and repair company for the Hotel.

60. That upon information and belief, Schindler contractually indemnifies and stands in the place of defendants Thor and Hilton, for all liability related to any failure to adequately maintain or adequately inspect the Hotel's escalators, among other failures and neglegance related herein.

61. That on or before that date above, defendant Schindler invited the general public, including Plaintiff, to use the escalators that were present on the Hotel premises, including the escalator used by the Plaintiff at the time of her fall.

62. That it there and then became and was the duty of the defendant Schindler, individually and by and through its agents, servants, and employees, to exercise reasonable care in maintaining the escalators in a reasonably safe condition for the Plaintiff and other persons lawfully in, about, and around the Hotel and lawfully using said escalators and, further, not to create or allow any dangerous conditions to exist, including making sure that all escalators on the premises were not defective or that the public was warned about such defects.

63. That it there and then became and was the duty of the defendant Schindler, individually and by and through its agents, servants, and employees, under its management contract with the Hotel's owner, Thor, or the Hotel's property management company, Hilton, to fulfill its contractual obligations which included but were not limited to exercising reasonable care in maintaining and inspecting the premises around the escalators, including all escalators, in a reasonably timely manner, so as to prevent any dangerous conditions from existing therein.

64. That at the above date and place, Plaintiff, TERRY E. HIGHTOWER, was lawfully on the subject premises, attempting to ride an escalator on the premises, pursuant to invitation. She was there to stay as an overnight guest of the Hotel, pursuant to invitation.

65. That at all times material herein, the Plaintiff was in the exercise of ordinary care and caution for her own safety.

66. That at all times relevant herein, Plaintiff and others had to walk upon, ride or otherwise traverse the escalator in question in order to travel from one level to another in the Hotel.

67. That at the time of the fall, the escalator in question was powered on and the steps or treads were moving.

68. That at the time the Plaintiff stepped upon the escalator, the escalator seemed to be or was apparently operating or functioning properly.

69. That at the time of the fall, the Plaintiff was riding upon said escalator.

70. That immediately before the fall, the escalator suddenly lurched and hesitated, then suddenly changed directions, continuing to lurch.

71. That the Plaintiff or some other person exercising ordinary care would not notice the defective condition of the escalator before stepping onto the escalator and before the defect caused the misoperation of the escalator, without the aide of a warning or notice.

72. That the Plaintiff did not notice that the escalator was defective before stepping onto the escalator.

73. That the Plaintiff did not notice that the escalator was defective before falling.

74. That no warning sign, other barracade or warning of any kind was present at or near the escalator at the time that the Plaintiff stepped onto the escalator and fell.

75. That upon information and belief, the defect present in the escalator had been present for an unreasonable length of time.

76. That upon information and belief, the escalator was not properly inspected or maintained.

77. That said defect or defects would have been discoverable by defendant upon a reasonable inspection.

78. That the defendant Schindler had constructive notice of the defect.

79. That after her fall, Plaintiff was helped up from the floor by other patrons, guests of the Hotel and hotel security.

80. That the defendant Schindler had actual notice of Plaintiff's fall and her immediate injuries, as well as the location of the defect and the defective escalator, shortly after the aforementioned incident took place.

Plaintiff immediately alerted employees or agents of the Hotel about her fall and about the defective escalator. Plaintiff provided them with all of the requested information.

81. That, disregarding its stated duty and in breach of said duty, defendant Schindler, individually or by its agents, employees, and servants, committed the following acts or omissions:

   a. Carelessly and negligently failed to provide a good, safe, and proper place for the Plaintiff and others to be, use, occupy, and walk on while on the general or common areas of the Hotel premises;

   b. Carelessly and negligently failed to provide a good, safe, and properly inspected and maintained escalator for the Plaintiff and others to use, ride and walk upon;

   c. Carelessly and negligently failed to conduct a reasonable inspection of the escalator to be certain that it was in good, safe, and proper condition;

   d. Carelessly and negligently permitted a defective escalator to remain in operation for an unreasonably long period of time;

   e. Carelessly and negligently failed to warn Plaintiff and others that the escalator was defective or otherwise not working properly or that it posed a safety hazard;

   f. Carelessly and negligently failed to warn the Plaintiff and others that the escalator had not been inspected properly or recently;

   g. Carelessly and negligently failed to warn the Plaintiff and others that the escalator otherwise contained an unsafe, dangerous, and/or defective condition;

   h. Carelessly and negligently invited the general public, including Plaintiff, to use said escalator, when defendant knew or should have known that it was unsafe and dangerous to do so;

   i. Carelessly and negligently failed to discover in a reasonably timely fashion that said escalator was defective;

   j. Carelessly and negligently failed to fix the escalator in a timely and reasonable manner even after Plaintiff notified defendant's agents, employees, and servants of the incident and her injuries.

82. That by reason of and as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions of the defendant Schindler, individually or by its agents, employees, and servants, the Plaintiff, TERRY E. HIGHTOWER, fell or was otherwise caused to fall, and suffered bodily injuries and monetary damages and losses.

83. That by reason of and as a direct and proximate result of the fall, Plaintiff suffered severe and permanent injuries, both externally and internally, and was greatly injured in that she sustained nerve and musculoskeletal damages to her neck, back, both knees, and ankles, among other areas. Because of the injuries, she was and will be hindered and prevented from attending to her usual duties and affairs. She was and will presently and in the future have permanent and noticeable scarring above her eye and running through her eyebrow. She has and will in the future lose large sums of money that would otherwise have accrued to her. She has and will spend and become liable for large sums of money for hospital, medical, and surgical services, nursing care, and attention,

as well as prescription costs and other out-of-pocket damages, during her recovery. She missed work and lost wages as a result as well.

WHEREFORE, the PLAINTIFF, TERRY E. HIGHTOWER, prays this Honorable Court to award judgment for the Plaintiff and against Defendant Schindler in the amount of $100,000.00 plus costs of suit.

Respectfully Submitted,

ROBERT G. LOHMAN, III
On Behalf of Plaintiff

LOHMAN LAW OFFICES, LTD.
3310 N. Harlem Avenue, Suite 107
Chicago, Illinois 60634-3672
(773) 889-7451
Firm ID No.: 45450