IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY E. HIGHTOWER | |
|     Plaintiff, | |
| v. | File No.: 12 CV 1671 |
| THOR EQUITIES, LLC; HILTON WORLDWIDE, INC.; and SCHINDLER ELEVATOR CORP., | Judge Sharon Johnson Coleman |
| | Magistrate Judge Morton Denlow |
|     Defendants. | |

## THOR EQUITIES, LLC'S ANSWER TO COMPLAINT AT LAW

Defendant, Thor Equities, LLC (hereinafter "Thor") sets forth the following as its Answer to the Complaint at Law:

### Parties

1.    That the Plaintiff is a resident of Louisville, Kentucky.

ANSWER:    Upon information and belief, Thor admits the allegations of paragraph 1.

2.    That upon information and belief, defendant Thor Equities, LLC [hereinafter "Thor"], is a Delaware Limited Liability Company, with its corporate headquarters and offices in New York, New York. Thor owns several properties in Chicago, including the Palmer House Hilton [hereinafter "Palmer House or "the Hotel"] and so owned by Palmer House at the time of the subject matter incident.

ANSWER:    Thor admits that it is a Delaware limited liability company with its corporate headquarters in New York, New York. Thor denies the remaining allegations of paragraph 2.

3.    That upon information and belief, defendant Hilton Worldwide, Inc. [hereinafter "Hilton"], is a Delaware Corporation, with its corporate headquarters and offices in McLean,

Virginia. Hilton is the former owner of the Palmer House, and upon information and belief was the owner of the property at the time that the elevators were installed and serviced. Hilton was the property manager of the Palmer House at the time of the subject matter incident.

ANSWER:    Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.    That upon information and belief, defendant Schindler Elevator Corporation [hereinafter "Schindler"], is a Delaware Corporation, with its corporate headquarters and offices in Morristown, New Jersey, and doing business in Chicago, Illinois. Upon information and belief, Schindler installed the escalators located at the Palmer House Hilton in Chicago, Illinois that were present at the time of the subject matter incident. Upon information and belief, Schindler is under contract with Thor to provide service, maintenance and repair to the escalators at the Palmer House in Chicago, Illinois and was so at the time of the subject matter incident.

ANSWER:    Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

<u>COUNT ONE - THOR</u>

5.    That Plaintiff hereby adopts and realleges Paragraphs 1 through 4 above as Paragraphs 1 through 4 of Count One, as if fully set forth herein.

ANSWER:    Thor hereby adopts and restates its answers to paragraph 1-4 above as its answers to paragraph 5 of Count One.

6.    That on and before February 9, 2010, defendant Thor owned, managed, operated, maintained, and/or controlled, both directly and indirectly, individually and through its agents, servants, and employees, a certain hotel called the Palmer House Hilton, located at 17 E. Monroe Street, Chicago, Illinois 60603, County of Cook.

2

ANSWER:     Thor denies the allegations of paragraph 6.

7.     That on or before that date, defendant Thor invited the general public, including Plaintiff, to enter the subject matter premises for the purposes of overnight accommodations, shopping, purchasing goods and services from other businesses that leased store units from Thor, visiting restaurants and eating meals on the premises, and for the purpose of conducting business.

ANSWER:     Thor denies the allegations of paragraph 7.

8.     That it there and then became and was the duty of the defendant Thor, individually [sic] and by and through its agents, servants, and employees, to exercise reasonable care in maintaining the premises in a reasonably safe condition for the plaintiff and other persons lawfully, in, about, and around the Hotel and, further, not to create or allow any dangerous conditions to exist on or about the premises, including making sure that all escalators on the premises were not defective.

ANSWER:     Thor denies the allegations of paragraph 8.

9.     That it there and then became and was the duty of the defendant Thor, individually [sic] and by and through its agents, servants, and employees, to exercise reasonable care in inspecting the premises, including all escalators on the premises, in a reasonably timely manner, so as to prevent any dangerous conditions from existing on or about the premises.

ANSWER:     Thor denies the allegations of paragraph 9.

10.     That at the above date and place, Plaintiff, Terry E. Hightower, was lawfully on the subject premises, attempting to ride an escalator on the premises, pursuant to invitation.  She was there to stay as an overnight guest of the Hotel, pursuant to invitation.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

3

11.     That at all times material herein, the Plaintiff was in the exercise of ordinary care and caution for her own safety.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     That at all times relevant herein, Plaintiff and others had to walk upon, ride or otherwise traverse the escalator in question in order to travel from one level to another in the hotel.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.     That at the time of the fall, the escalator in question was powered on and the steps or treads were moving.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.     That at the time the Plaintiff stepped upon the escalator, the escalator seemed to be or was apparently operating or functioning properly.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.     That at the time of the fall, the Plaintiff was riding upon said escalator.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.     That immediately before the fall, the escalator suddenly lurched and hesitated, then suddenly changed directions, continuing to lurch.

ANSWER:    Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.    That the Plaintiff or some other person exercising ordinary care would not notice the defective condition of the escalator before stepping onto the escalator and before the defect caused the misoperation of the escalator, without the aide [sic] of a warning or notice.

ANSWER:    Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.    That the Plaintiff did not notice that the escalator was defective before stepping onto the escalator.

ANSWER:    Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.    That the Plaintiff did not notice that the escalator was defective before falling.

ANSWER:    Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.    That no warning sign, other barracade [sic] or warning of any kind was present at or near the escalator at the time that the Plaintiff stepped onto the escalator and fell.

ANSWER:    Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.    That upon information and belief, the defect present in the escalator had been present for an unreasonable length of time.

ANSWER:    Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.     That upon information and belief, the escalator was not properly inspected or maintained.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.     That said defect or defects would have been discoverable by defendant upon a reasonable inspection.

ANSWER:     Thor denies the allegations of paragraph 23.

24.     That defendant Thor had constructive notice of the defect.

ANSWER:     Thor denies the allegations of paragraph 24.

25.     That after her fall, Plaintiff was helped up from the floor by other patrons or guests of the Hotel and hotel security.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.     That the defendant Thor had actual notice of Plaintiff's fall and her immediate injuries, as well as the location of the defect and the defective escalator, shortly after the aforementioned incident took place. Plaintiff immediately alerted employees or agents of the Hotel about her fall and about the defective escalator. Plaintiff provided them with all of the requested information. Further, representatives of defendant have been in contact with Plaintiff and her attorneys concerning the incident and injuries since shortly after the they [sic] occurred.

ANSWER:     Thor denies the allegations of paragraph 26.

27.     That, disregarding its stated duty and in breach of said duty, defendant Thor, individually or by its agents, employees, and servants, committed the following acts or omissions:

a.  Carelessly and negligently failed to provide a good, safe, and proper place for the Plaintiff and others to be, use, occupy, and walk on while on the general or common areas of the Hotel premises;

b.  Carelessly and negligently failed to provide a good, safe, and properly inspected and maintained escalator for the Plaintiff and others to use, ride and walk upon;

c.  Carelessly and negligently failed to conduct a reasonable inspection of the escalator to be certain that was in good, safe, and proper condition;

d.  Carelessly and negligently permitted a defective escalator to remain in operation for an unreasonably long period of time;

e.  Carelessly and negligently failed to warn Plaintiff and others that the escalator was defective or otherwise not working properly or that it posed a safety hazard;

f.  Carelessly and negligently failed to warn the Plaintiff and others that the escalator had not been inspected properly or recently;

g.  Carelessly and negligently failed to warn the Plaintiff and others that the escalator otherwise contained an unsafe, dangerous, and/or defective condition;

h.  Carelessly and negligently invited the general public, including Plaintiff, to use said escalator, when defendant knew or should have known that it was unsafe and dangerous to do so;

i.  Carelessly and negligently failed to discover in a reasonably timely fashion that said escalator was defective;

j.  Carelessly and negligently failed to fix the escalator in a timely and reasonable manner even after Plaintiff notified defendant's agents, employees, and servants of the incident and her injuries.

k.  Carelessly and negligently failed to hire an adequate property management company;

l.  Carelessly and negligently failed to hire an adequate escalator maintenance and repair company or provider.

ANSWER:    Thor denies the allegations of paragraph 27, (a)-(l), inclusive.

28.    That by reason of and as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions of the defendant Thor, individually or by its agents,

employees, and servants, the Plaintiff, Terry E. Hightower, fell or was otherwise caused to fall, and suffered bodily injuries and monetary damages and losses.

ANSWER:    Thor denies the allegations of paragraph 28.

29.    That by reason of and as a direct and proximate result of the fall, Plaintiff suffered severe and permanent injuries, both externally and internally, and was greatly injured in that she sustained nerve and musculoskeletal damages to her neck, back, both knees, and ankles, among other areas. Because of the injuries, she was and will be hindered and prevented from attending to her usual duties and affairs. She was and will presently and in the future have permanent and noticeable scarring above her eye and running through her eyebrow. She has and will in the future lose large sums of money that would otherwise have accrued to her. She has and will spend and become liable for large sums of money for hospital, medical, and surgical services, nursing care, and attention, as well as prescription costs and other out-of-pocket damages, during her recovery. She missed work and lost wages as a result as well.

ANSWER:    Thor denies the allegations of paragraph 29.

Wherefore, Thor denies that Plaintiff is entitled to judgment against it in any amount whatsoever.

<u>COUNT TWO – HILTON</u>

30.    That Plaintiff hereby adopts and realleges Paragraphs 1 through 29 above as Paragraphs 1 through 29 of Count Two, as if fully set forth herein.

ANSWER:    Thor incorporates by reference its answers to paragraphs 1 through 29 of Count One as it answer to paragraph 30 of Count Two.

31.    That on and before February 9, 2010, defendant Hilton owned, managed/property managed, operated, maintained, and/or controlled, both directly and indirectly, individually and

through its agents, servants, and employees, or as an agent, servant, and manager/property manager or employee of another owner or manager, a certain hotel called the Palmer House Hilton, located at 17 E. Monroe Street, Chicago, Illinois 60603, County of Cook.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.     That upon information and belief, at all times herein, Hilton operated as Hotel property management.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.     That on or before that date, defendant Hilton invited the general public, including Plaintiff, to enter the subject matter premises for the purposes of overnight accommodations, shopping, purchasing goods and services from other businesses that leased store units from co-defendant Thor, visiting restaurants and eating meals on the premises, and for the purpose of conducting business.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.     That it there and then became and was the duty of the defendant Hilton, individually and by and through its agents, servants, and employees, to exercise reasonable care in maintaining the premises in a reasonably safe condition for the plaintiff and other persons lawfully, in, about, and around the Hotel and, further, not to create or allow any dangerous conditions to exist on or about the premises, including making sure that all escalators on the premises were not defective.

9

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34. To the extent any of the allegations of paragraph 34 are construed to be against Thor, Thor denies said allegations.

35.    That it there and then became and was the duty of the defendant Hilton, individually and by and through its agents, servants, and employees, under its management contract with the Hotel's owner, Thor, to fulfill its contractual obligations which included but were not limited to exercising reasonable care in maintaining and inspecting the premises, including all escalators on the premises, in a reasonably timely manner, so as to prevent any dangerous conditions from existing on or about the premises.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35. To the extent any of the allegations of paragraph 35 are construed to be against Thor, Thor denies said allegations.

36.    That it there and then became and was the duty of the defendant Hilton, individually and by and through its agents, servants, and employees under its management contract with the Hotel's owner, Thor, to fulfill its contractual obligations which included but were not limited to exercising reasonable care in contracting with an adequate escalator maintenance and repair company or provider.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36. To the extent any of the allegations of paragraph 36 are construed to be against Thor, Thor denies said allegations.

37.    That at the above date and place, Plaintiff, Terry E. Hightower, was lawfully on the subject premises, attempting to ride an escalator on the premises, pursuant to invitation. She was there to stay as an overnight guest of the Hotel, pursuant to invitation.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.     That at all times material herein, the Plaintiff was in the exercise of ordinary care and caution for her own safety.

ANSWER:     Thor denies the allegations of paragraph 38.

39.     That at all times material herein, the Plaintiff and others had to walk upon, ride or otherwise traverse the escalator in question in order to travel from one level to another in the Hotel.

ANSWER:     Thor denies the allegations of paragraph 39.

40.     That at the time of the fall, the escalator in question was powered on and the steps or treads were moving.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.     That at the time the Plaintiff stepped upon the escalator, the escalator seemed to be or was apparently operating or functioning properly.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.     That at the time of the fall, the Plaintiff was riding upon said escalator.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.     That immediately before the fall, the escalator suddenly lurched and hesitated, then suddenly changed directions, continuing to lurch.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. That the Plaintiff or some other person exercising ordinary care would not notice the defective condition of the escalator before stepping onto the escalator and before the defect caused the misoperation of the escalator, without the aide [sic] of a warning or notice.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44. To the extent any of the allegations of paragraph 44 are construed to be against Thor, Thor denies said allegations.

45. That the Plaintiff did not notice that the escalator was defective before stepping onto the escalator.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. That the Plaintiff did not notice that the escalator was defective before falling.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. That no warning sign, other barricade [sic] or warning of any kind was present at or near the escalator at the time that the Plaintiff stepped onto the escalator and fell.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48. That upon information and belief, the defect present in the escalator had been present for an unreasonable length of time.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48. To the extent any of the allegations of paragraph 48 are construed to be against Thor, Thor denies said allegations.

49. That upon information and belief, the escalator was not properly inspected or maintained.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49. To the extent any of the allegations of paragraph 49 are construed to be against Thor, Thor denies said allegations.

50. That said defect or defects would have been discoverable by defendant upon a reasonable inspection.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50. To the extent any of the allegations of paragraph 50 are construed to be against Thor, Thor denies said allegations.

51. That defendant Hilton had constructive notice of the defect.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51. To the extent any of the allegations of paragraph 51 are construed to be against Thor, Thor denies said allegations.

52. That after her fall, Plaintiff was helped up from the floor by other patrons or guests of the Hotel and hotel security.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53. That the defendant Hilton had actual notice of Plaintiff's fall and her immediate injuries, as well as the location of the defect and the defective escalator, shortly after the

aforementioned incident took place. Plaintiff immediately alerted employees or agents of the Hotel about her fall and about the defective escalator. Plaintiff provided them with all of the requested information.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53. To the extent any of the allegations of paragraph 53 are construed to be against Thor, Thor denies said allegations.

54. That, disregarding its stated duty and in breach of said duty, defendant Hilton, individually or by its agents, employees, and servants, committed the following acts or omissions:

    a.    Carelessly and negligently failed to provide a good, safe, and proper place for the Plaintiff and others to be, use, occupy, and walk on while on the general or common areas of the Hotel premises;

    b.    Carelessly and negligently failed to provide a good, safe, and properly inspected and maintained escalator for the Plaintiff and others to use, ride and walk upon;

    c.    Carelessly and negligently failed to conduct a reasonable inspection of the escalator to be certain that was in good, safe, and proper condition;

    d.    Carelessly and negligently permitted a defective escalator to remain in operation for an unreasonably long period of time;

    e.    Carelessly and negligently failed to warn Plaintiff and others that the escalator was defective or otherwise not working properly or that it posed a safety hazard.

    f.    Carelessly and negligently failed to warn the Plaintiff and others that the escalator had not been inspected properly or recently;

    g.    Carelessly and negligently failed to warn the Plaintiff and others that the escalator otherwise contained an unsafe, dangerous, and/or defective condition;

    h.    Carelessly and negligently invited the general public, including Plaintiff, to use said escalator, when defendant knew or should have known that it was unsafe and dangerous to do so;

    i.    Carelessly and negligently failed to discover in a reasonably timely fashion that said escalator was defective;

j.      Carelessly and negligently failed to fix the escalator in a timely and reasonable manner even after Plaintiff notified defendant's agents, employees, and servants of the incident and her injuries.

k.      Carelessly and negligently failed to hire an adequate escalator and repair company or provider.

ANSWER:      Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54. To the extent any of the allegations of paragraph 54 are construed to be against Thor, Thor denies said allegations.

55.      That by reason of and as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions of the defendant Hilton, individually or by its agents, employees, and servants, the Plaintiff, Terry E. Hightower, fell or was otherwise caused to fall, and suffered bodily injuries and monetary damages and losses.

ANSWER:      Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55. To the extent any of the allegations of paragraph 55 are construed to be against Thor, Thor denies said allegations.

56.      That by reason of and as a direct and proximate result of the fall, Plaintiff suffered severe and permanent injuries, both externally and internally, and was greatly injured in that she sustained nerve and musculoskeletal damages to her neck, back, both knees, and ankles, among other areas. Because of the injuries, she was and will be hindered and prevented from attending to her usual duties and affairs. She was and will presently and in the future have permanent and noticeable scarring above her eye and running through her eyebrow. She has and will in the future lose large sums of money that would otherwise have accrued to her. She has and will spend and become liable for large sums of money for hospital, medical, and surgical services,

nursing care, and attention, as well as prescription costs and other out-of-pocket damages, during her recovery. She missed work and lost wages as a result as well.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56. To the extent any of the allegations of paragraph 56 are construed to be against Thor, Thor denies said allegations.

Wherefore, Thor denies that Plaintiff is entitled to judgment against Hilton in any amount whatsoever.

COUNT THREE - SCHINDLER

57. That Plaintiff hereby adopts and realleges Paragraphs 1 through 56 above as Paragraphs 1 through 56 of Count Three, as if fully set forth herein.

ANSWER: Thor incorporates by reference its answers to paragraphs 1 through 56 of Count One and Count Two for its answer to paragraph 57 of Count Three.

58. That on and before February 9, 2010, defendant Schindler managed, operated, maintained, and/or controlled, both directly and indirectly, individually and through its agents, servants, and employees, or as an agent, servant, manager or employee of another owner or manager, a certain hotel called the Palmer House Hilton, located at 17 E. Monroe Street, Chicago, Illinois 60603, County of Cook.

ANSWER: Thor denies the allegations of paragraph 58.

59. That upon information and belief, at all times herein, Schindler operated and still operates as escalator and elevator maintenance and repair company for the hotel.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

16

60. That upon information and belief, Schindler contractually indemnifies and stands in the place of defendants Thor and Hilton, for all liability related to any failure to adequately maintain or adequately inspect the Hotel's escalators, among other failures and negligence related herein.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61. That on or before that date above, defendant Schindler invited the general public, including Plaintiff, to use the escalators that were present on the Hotel premises, including the escalator used by the Plaintiff at the time of her fall.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61. To the extent any of the allegations of paragraph 61 are construed to be against Thor, Thor denies said allegations.

62. That it there and then became and was the duty of the defendant Schindler, individually [sic] and by and through its agents, servants, and employees, to exercise reasonable care in maintaining the escalators in a reasonably safe condition for the Plaintiff and other persons lawfully in, about, and around the Hotel and lawfully using said escalators and, further, not to create or allow any and, dangerous conditions to exist, including making sure that all escalators on the premises were not defective or that the public was warned about such defects.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62. To the extent any of the allegations of paragraph 62 are construed to be against Thor, Thor denies said allegations.

63. That it there and then became and was the duty of the defendant Schindler, individually [sic] and by and through its agents, servants, and employees, under its management

[sic] contract with the Hotel's owner, Thor, or the Hotel's property management company, Hilton, to fulfill its contractual obligations which included but were not limited to exercising reasonable care in maintaining and inspecting the premises around the escalators, including all escalators, in a reasonably timely manner, so as to prevent any dangerous conditions from existing therein.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63. To the extent any of the allegations of paragraph 63 are construed to be against Thor, Thor denies said allegations.

64. That at the above date and place, Plaintiff, Terry E. Hightower, was lawfully on the subject premises, attempting to ride an escalator on the premises, pursuant to invitation. She was there to stay as an overnight guest of the Hotel, pursuant to invitation.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65. That at all times material herein, the Plaintiff was in the exercise of ordinary care and caution for her own safety.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66. That at all times material herein, the Plaintiff and others had to walk upon, ride or otherwise traverse the escalator in question in order to travel from one level to another in the Hotel.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67.     That at the time of the fall, the escalator in question was powered on and the steps or treads were moving.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67.

68.     That at the time the Plaintiff stepped upon the escalator, the escalator seemed to be or was apparently operating or functioning properly.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.     That at the time of the fall, the Plaintiff was riding upon said escalator.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70.     That immediately before the fall, the escalator suddenly lurched and hesitated, then suddenly changed directions, continuing to lurch.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71.     That the Plaintiff or some other person exercising ordinary care would not notice the defective condition of the escalator before stepping onto the escalator and before the defect caused the misoperation of the escalator, without the aide [sic] of a warning or notice.

ANSWER:     Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71.

72.     That the Plaintiff did not notice that the escalator was defective before stepping onto the escalator.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72.

73. That the Plaintiff did not notice that the escalator was defective before falling.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74. That no warning sign, other barracade [sic] or warning of any kind was present at or near the escalator at the time that the Plaintiff stepped onto the escalator and fell.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75. That upon information and belief, the defect present in the escalator had been present for an unreasonable length of time.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75. To the extent any of the allegations of paragraph 75 are construed to be against Thor, Thor denies said allegations.

76. That upon information and belief, the escalator was not properly inspected or maintained.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76. To the extent any of the allegations of paragraph 76 are construed to be against Thor, Thor denies said allegations.

77. That said defect or defects would have been discoverable by defendant upon a reasonable inspection.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77. To the extent any of the allegations of paragraph 77 are construed to be against Thor, Thor denies said allegations.

78.     That the defendant Schindler had constructive notice of the defect.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78. To the extent any of the allegations of paragraph 78 are construed to be against Thor, Thor denies said allegations.

79.     That after her fall, Plaintiff was helped up from the floor by other patrons or guests of the Hotel and hotel security.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     That the defendant Schindler had actual notice of Plaintiff's fall and her immediate injuries, as well as the location of the defect and the defective escalator, shortly after the aforementioned incident took place. Plaintiff immediately alerted employees or agents of the Hotel about her fall and about the defective escalator. Plaintiff provided them with all of the requested information.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80. To the extent any of the allegations of paragraph 80 are construed to be against Thor, Thor denies said allegations.

81.     That, disregarding its stated duty and in breach of said duty, defendant Schindler, individually [sic] or by its agents, employees, and servants, committed the following acts or omissions:

a.   Carelessly and negligently failed to provide a good, safe, and proper place for the Plaintiff and others to be, use, occupy, and walk on while on the general or common areas of the Hotel premises;

b.   Carelessly and negligently failed to provide a good, safe, and properly inspected and maintained escalator for the Plaintiff and others to use, ride and walk upon;

c.   Carelessly and negligently failed to conduct a reasonable inspection of the escalator to be certain that was in good, safe, and proper condition;

d.   Carelessly and negligently permitted a defective escalator to remain in operation for an unreasonably long period of time;

e.   Carelessly and negligently failed to warn Plaintiff and others that the escalator was defective or otherwise not working properly or that it posed a safety hazard.

f.   Carelessly and negligently failed to warn the Plaintiff and others that the escalator had not been inspected properly or recently;

g.   Carelessly and negligently failed to warn the Plaintiff and others that the escalator otherwise [sic] contained an unsafe, dangerous, and/or defective condition;

h.   Carelessly and negligently invited the general public, including Plaintiff, to use said escalator, when defendant knew or should have known that it was unsafe and dangerous to do so;

i.   Carelessly and negligently failed to discover in a reasonably timely fashion that said escalator was defective;

j.   Carelessly and negligently failed to fix the escalator in a timely and reasonable manner even after Plaintiff notified defendant's agents, employees, and servants of the incident and her injuries.

ANSWER:   Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81. To the extent any of the allegations of paragraph 81 are construed to be against Thor, Thor denies said allegations.

82.   That by reason of and as a direct and proximate result of the aforementioned careless and negligent acts and/or omissions of the defendant Schindler, individually or by its agents, employees, and servants, the Plaintiff, Terry E. Hightower, fell or was otherwise caused to fall, and suffered bodily injuries and monetary damages and losses.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82. To the extent any of the allegations of paragraph 82 are construed to be against Thor, Thor denies said allegations.

83. That by reason of and as a direct and proximate result of the fall, Plaintiff suffered severe and permanent injuries, both externally and internally, and was greatly injured in that she sustained nerve and musculoskeletal damages to her neck, back, both knees, and ankles, among other areas. Because of the injuries, she was and will be hindered and prevented from attending to her usual duties and affairs. She was and will presently ad in the future have permanent and noticeable scarring above her eye and running through her eyebrow. She has and will in the future lose large sums of money that would otherwise have accrued to her. She has and will spend and become liable for large sums of money for hospital, medical, and surgical services, nursing care, and attention, as well as prescription costs and other out-of-pocket damages, during her recovery. She missed work and lost wages as a result as well.

ANSWER: Thor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83. To the extent any of the allegations of paragraph 83 are construed to be against Thor, Thor denies said allegations.

Wherefore, Thor denies that Plaintiff is entitled to judgment against Schindler in any amount whatsoever.

## FIRST AFFIRMATIVE DEFENSE

1. On or about February 9, 2012, Terry E. Hightower had a duty to use ordinary care for her own safety while on the premises located at 17 E. Monroe Street, Chicago, Illinois.

2. Terry E. Hightower breached the aforesaid duty in one or more of the following ways:

     a.   Failed to stand upon the treads of the escalator in a safe and proper fashion;

     b.   Failed to hold onto the handrail of the escalator; and

     c.   Carried too many personal items onto the escalator.

3.     As a direct and proximate result of the aforesaid acts and/or omissions of Terry E. Hightower, she sustained injury.

4.     The aforesaid actions of Terry E. Hightower constituted more than 50% of the proximate cause of the injury for which she seeks recovery. Accordingly, Terry E. Hightower is barred from recovery.

5.     Alternatively, Terry E. Hightower's actions were 50% or less of the proximate cause of the injury for which he seeks recovery. Accordingly, any recovery must be reduced by an amount commensurate with his fault for his injuries.

Wherefore, Thor requests this Court to enter judgment in its favor and against the plaintiff. In the alternative, Thor requests this Court to reduce any judgment entered for the plaintiff by an amount commensurate with the plaintiff's degree of fault for her injuries.

## SECOND AFFIRMATIVE DEFENSE

Terry E. Hightower's injuries were caused by parties whose negligent acts or omissions were superseding or intervening to any cause related to Thor.

Wherefore, Thor requests this Court to enter judgment in its favor and against the plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Terry E. Hightower cannot recover damages against Thor because the hazardous condition upon which her claims are based was open and obvious, thus precluding liability.

Wherefore, Thor requests this Court to enter judgment in its favor and against the plaintiff.

### **FOURTH AFFIRMATIVE DEFENSE**

Terry E. Hightower cannot recover damages because she had a full subjective understanding of the presence and nature of the specific risk upon which her claims are based and voluntarily chose to encounter that risk.

Wherefore, Thor requests this Court to enter judgment in its favor and against the plaintiff.

Respectfully submitted,

/s/ Christopher J. Dallavo
Christopher J. Dallavo

Schueler, Dallavo & Casieri
233 South Wacker Drive - Suite 6150
Chicago, Illinois 60606
(312) 831-1090